## Holmes *v.* Allegheny Traction Co., Appellant.

*Negligence—Street railways—Starting cars.*

In an action against a street railway company to recover damages for personal injuries, it is proper to submit the case to the jury where testimony on behalf of the plaintiff, an elderly woman, although contradicted, tended to show that she entered a street car from the front platform on the invitation of the driver, and, before she was able to take her seat, the car was started with a jerk and plaintiff was thrown and injured.

*Evidence—Opinion of expert witness.*

In such a case it is improper to ask an expert witness for defendant this question: " State what your experience is with relation to motion given to cars when starting, as affecting the passengers, either seated or standing."

Argued Oct. 26, 1892. Appeal, No. 325, Oct. T., 1891, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1890, No. 520, on verdict for plaintiff, Martha C. Holmes. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.

At the trial, before SLAGLE, J., the testimony on behalf of the plaintiff tended to show that on Sept. 21, 1889, plaintiff, an elderly woman, and her daughter, on the invitation of one of defendant's drivers, entered a street car by the front platform, and that when just inside the door and before she had time to sit down, the car was started with a jerk, and she was thrown down and injured. The driver testified that after the two ladies were inside the car he closed the door and started his horses in the usual way, and knew nothing of the accident until plaintiff's daughter opened the door, tapped him on the shoulder and asked him " Why he had not give ma time to sit down ? "

J. C. Colton, a witness for defendant, called as an expert, was asked:

" Q. State what your experience is with relation to motion given to cars when starting, as affecting passengers, either seated or standing." Objected to as incompetent and irrelevant. Objection sustained and exception. [1]

Defendant's points were, among others, as follows :

" 2. If the plaintiff, by entering the car and proceeding to

her seat with her back to the horses, rendered the accident to her more likely to occur, and by so doing helped the accident to occur, then she partly caused the accident and cannot recover, and the verdict must be for the defendant. *Answer:* This is refused. It is a matter that you can consider in connection with the other testimony in the case. The question submitted being for your determination, not for the court." [2]

" 3. If the jury believe that the plaintiff had entered the car, reached the place at which she was going to sit down, and the car started in the usual and ordinary manner, then the defendant was not negligent, it having the right to operate and start its cars in the usual and ordinary manner, and the verdict should be in its favor. *Answer:* I cannot say as matter of law, that the starting of the car in the usual and ordinary manner would not, in any particular case, be negligent; whether it is or not, in any particular case, is for you. If by this is meant the starting of a car in a usual and ordinarily careful manner, then it would be affirmed." [3]

" 7. That if the boarding of the car by the front platform by the plaintiff in the slighest degree contributed to the accident, it being unusual to so board such cars, and there being no pressing necessity for so getting on, in this particular case, the plaintiff cannot recover. *Answer:* Refused for the same reason." [4]

" 8. That at the time the plaintiff boarded the car of the defendant company there was no pressing need of her getting on at the front platform, and nothing in the surrounding circumstances to disturb her in making a choice as to whether she will board the car at the front platform, an unusual and ordinarily unsafe way, or to get on by the rear platform, the usual and ordinarily safe method, then, notwithstanding the driver's invitation to get on at the front platform, it was her duty to get on the car at the rear platform, the usual and customary place, and if the plaintiff, by getting on as she did, in any degree whatever rendered the accident to her more likely to happen or helped it to happen, then the verdict must be for the defendant." *Answer:* Refused. [5]

" 9. That if the plaintiff entered the car and proceeded to the place where she attempted to sit down and did not use the usual appliances, viz.: the straps placed in the car for the pas-

sengers to take hold of when on their feet, to steady and protect herself against the motion of the starting of the car, and placed herself thereby in position to sustain the injury complained of, she cannot recover. *Answer :* This is submitted to you for consideration upon the question of the negligence of the party, both plaintiff and defendant." [6]

The court charged in part as follows :

[" As I have said, this is an action based upon the alleged negligence of the defendant, causing the accident to the plaintiff, of which these injuries are the result. Negligence is the want of proper care, and it varies under various circumstances, and, therefore, it is a matter for the jury.

" It is the want of that care and prudence which reasonable, careful and prudent men will take under the same circumstances to avoid accident or injury to others. Taking that definition, you will consider the testimony in this case. In the first place, public carriers of passengers are bound to provide reasonably safe means of entering upon and egress from their cars. They are bound to give the passengers whom they invite to their vehicles a reasonably safe mode of entering. They are bound to take reasonable care of passengers after they have entered, and, therefore, they are bound to give them a reasonable opportunity, not only to get upon the platform, but to get into and take care of themselves in the car. That is the extent of their duty ; and the question whether or not in this case the driver of this car—for whom the company is responsible—did take reasonable and proper care, must depend altogether on the circumstances. . . .

" Mrs. Vance says that, as the car started, her mother fell and she at once went to her mother and lifted her up, as I understand it—whether she said this, is for you. The only difference, as I see it, is that this may have some bearing upon your view of whether or not the driver had done his whole duty, because if the old lady had gotten in and the daughter had gotten in and the driver had closed the door, he might readily presume that the ladies had taken care of themselves before he started ; whereas, if she had not gotten in, if he did not wait until Mrs. Vance got off the platform, it might indicate something else to your minds. I merely call your attention to this, because I believe that is the turning point of this case,

to a certain extent, aside from another question, which I will suggest, and that is this : The driver says that he started the horses off on a slow walk, whereas Mrs. Holmes and Mrs. Vance say that he started them with a jerk. That might have some bearing on the question of his care in view of the age of this lady. You will take into consideration her age, because, as I said, the driver of a car was bound to take more care of an old person or a young feeble person than he is of a person in full vigor, for the reason that they can take better care of themselves. If you find that this car was started without proper caution on the part of the driver, in view of the age of this lady, then you should find for the plaintiff. If you find that he did all that a reasonably prudent and cautious man would have done, and if it was a mere accident, then you would find for the defendant."] [7]

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Errors assigned* were (1) ruling on evidence ; (2–7) instructions, as above ; quoting bill of exceptions and instructions.

*A. M. Neeper*, *F. M. Magee* with him, for appellant, cited Stager v. Ridge Avenue Pass. Ry., 119 Pa. 70 ; Johnson v. R. R., 70 Pa. 357 ; Batdorff v. Farmers' National Bank, 61 Pa. 183 ; N. Y., L. E. & W. R. R. v. Enches, 127 Pa. 316 ; P. W. & Del. R. R. v. Stinger, 78 Pa. 219 ; Turnpike Co. v. R. R., 54 Pa. 345 ; Phila. City Pass. Ry. v. Hazzard, 75 Pa. 367 ; Erie v. Magill, 101 Pa. 622 ; Ry. v. Taylor, 104 Pa. 314 ; R. R. v. Boyer, 97 Pa. 91 ; Tenbrooke v. Jahke, 77 Pa. 392 ; P. R. R. v. Berry, 68 Pa. 279 ; P. & R. R. R. v. Grimm, 37 Pa. 304 ; Schwenk v. Kehler, 122 Pa. 67.

*Josiah Cohen* and *A. Israel*, for appellee, not heard, cited Germantown Ry. v. Walling, 97 Pa. 55 ; Maguire v. Middlesex R. R., 115 Mass. 239 ; Burns v. Bellefontaine Ry., 50 Mo. 139 ; West Phil. Pass. Ry. v. Gallagher, 108 Pa. 524 ; Continental Ry. v. Swain, 13 W. N. 41.

PER CURIAM, January 3, 1893 :
Judgment affirmed.