Jacob Bensing *v.* The Peoples Electric Street Railway Company, Appellant.

*Street railways—Negligence—Contributory negligence—Question for jury.*

Where there is no fixed measure of care to be declared by the court as matter of law a jury alone can determine what is negligence and whether it has been proved.

A conductor having preceded a trolley car to examine the safety of a railroad crossing signaled the car to come on; the car started and a passenger in the act of alighting was injured.   It was conceded that this was a customary stopping place where passengers were wont to alight.   No

notice of starting was given by the motorman or notice of intention to alight by the passenger. *Held*, that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

Argued May 12, 1898. Appeal, No. 173, April T., 1898, by defendant, from judgment of C. P. Beaver Co., June T., 1896, No. 410, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass for personal injuries. Before WALLACE, P. J., of the 53d judicial district, specially presiding.

It appears from the record and evidence that the question raised in this case was that of the liability of the defendant company for an alleged injury claimed by plaintiff to have been sustained by him in alighting from a car of the defendant company in which he had been riding as a passenger.

The facts in detail sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $327.65. Defendant appealed.

*Errors assigned* were (1) In not granting a compulsory nonsuit. (2) In declaring, when overruling defendant's motion for a nonsuit, that " in this case there is very little evidence to show negligence, but there is some; how much, is for the jury. If this case rested upon the testimony of Mr. Hays alone, we would say, there is nothing to go to the jury. The plaintiff in the case has testified, in substance, he started out of the car, and that he was on the step when the car was started. That is some evidence. And under all of the evidence here, we cannot say what weight the jury shall give to the testimony of Mr. Hays, or that of the plaintiff or Mr. Hicks. According to Mr. Hicks's testimony, we would say there is no negligence on the part of defendant. It is for the jury to say whether the plaintiff is guilty of negligence in any degree; if so, he cannot recover. The condition of the case, as it stands now, we will let the jury determine what weight they will give to the testimony of these three witnesses. The motion for the nonsuit is therefore refused, and the defendant directed to open his case to the jury." (3) In not answering defendant's third point in the af

firmative, which point is as follows: " The evidence of the plaintiff himself and his witnesses, and the uncontradicted evidence of the defendant, show that the negligence of the plaintiff contributed to the injury complained of, and he cannot recover. *Answer:* This is refused; that is a question of fact entirely for the jury to pass upon under our instructions in the general charge." (4) In not answering defendant's fourth point in the affirmative, which point is as follows: " There is no proof that the injuries complained of were the result of defendant's negligence, and the verdict must be for the defendant. *Answer:* This is refused; it is also a question for the jury, a question of fact."

*Dan H. Stone,* with him *M. F. Mecklem,* for appellant.—The question of negligence was one purely of law, and should have been decided by the court: Nugent v. Traction Co., 181 Pa. 160; Fleishman v. Railway Co., 174 Pa. 510.

The preponderance of evidence in favor of defendant was so overwhelming that the court below should have given binding instructions to the jury to find a verdict in favor of the defendant: Holden v. Railroad Co., 169 Pa. 1.

*W. J. Mellon,* for appellee.—The first and highest duty of a carrier company is to care for the safety of its passengers: Phila. & Reading Railroad Co. v. Boyer, 97 Pa. 91.

The duties of the conductor towards passengers in his absence devolve upon the motorman and the latter in this instance had no excuse for the careless manner in which he discharged them. It was obviously impossible for the trial judge to declare as a matter of law that the plaintiff was guilty of contributory negligence.

What is or is not negligence in a particular case, is generally a question for the jury: Davidson v. Traction Co., 4 Pa. Superior Ct. 86; Neslie v. Ry., 113 Pa. 300; Fritsch v. Allegheny, 91 Pa. 226; Del. Railroad Co. v. Jones, 128 Pa. 314.

A motorman should always be on the alert: Buente v. P., A. & M., 2 Pa. Superior Ct. 189; Schnur v. Traction Co., 153 Pa. 29.

No assignment of error lies to the refusal of the court to enter a compulsory nonsuit: Davis v. Ins. Co., 5 Pa. Superior Ct. 506.

OPINION BY SMITH, J., December 15, 1898:

The plaintiff was a passenger on a street car of the defend-
ant company.   The railway track on New York street in the
borough of Rochester, intersected a street leading to the sta-
tion of the Pittsburg & Fort Wayne Railroad.   Here the street
cars were usually detained before crossing this railroad, and
passengers frequently left and boarded them.   The car on which
the plaintiff rode was left in charge of the motorman while the
conductor went forward to the railroad, some thirty feet or
more, to look out for approaching trains.   Finding the way
clear, he signaled the motorman to start the car ahead, and as
it approached he stepped on and proceeded on his trip.   The
plaintiff and his companion, James Hicks, desired to get off
where the car stopped and proceeded to do so while it remained
standing.   Mr. Hicks was in advance and alighted safely, but
as the plaintiff was in the act of stepping from the car, it started
forward and he was thrown to the ground and severely injured.
He gave no notice to the motorman when he was about to
leave the car, nor was he notified that it was about to start.
According to the testimony of the conductor and the motorman
neither of them saw the accident nor heard of it until some time
afterward.   The plaintiff brought suit for the damages thus
sustained and a verdict was rendered in his favor.

The first and second specifications of error need not be con-
sidered.   They relate to the refusal of a nonsuit and are not re-
viewable.   The court had a right to give reasons for refusing
to grant it.   The third and fourth specifications may be con-
sidered together.   By them the court was asked to take the
case from the jury, because (a) the evidence showed that the
negligence of the plaintiff contributed to the injury, and (b)
that there was no proof of negligence on the part of the de-
fendant.   That the plaintiff was injured in the manner stated ·
is not denied, and both conductor and motorman testify that
the point where the plaintiff left the car was a customary stop-
ping place, where passengers were allowed to get on and off.
The plaintiff appears to have left the car in the customary man-
ner while it was stopped, and the only cause for the injury
was the unexpected starting while he was on the car steps.
The contributory negligence imputed to the plaintiff, is his fail-
ure to get off the car promptly after it stopped.   It is not al-

leged that it was an improper place or that his manner of leaving was otherwise negligent. No notice was given that passengers should leave with celerity at this point, or that to leave otherwise was dangerous or forbidden. The right to leave the car at that place is admitted. Clearly it was for the jury to say whether the plaintiff's manner and time of departure from the car contributed to the accident. It was also for the jury to determine whether the defendant was negligent in the management of the car and in the discharge of the duty it owed to the plaintiff. There is here no fixed measure of care to be declared by the court as matter of law. This duty varied with the circumstances. It has often been held that: "When a duty is defined, a failure to perform it, is of course negligence and may be so declared by the court; but when the measure of duty is not unvarying, where a higher degree of care is demanded under some circumstances than under others, where both the duty and the extent of performance are to be ascertained as facts, a jury alone can determine what is negligence, and whether it has been proved:" Baker v. Gas Co., 157 Pa. 593, and cases there cited.

In the present case the defendant owed the plaintiff reasonably adequate care for his protection from the unforeseen perils of travel. It was for the jury to decide whether the motorman in charge looked to see, or from his position could have seen the plaintiff descending the steps, and whether the car might have been started with safety while he occupied this position. They also had the right to determine from the evidence whether "the car started with a jerk," as the plaintiff swears, or started and moved slowly as testified to by the motorman; and whether starting it at all under the circumstances was negligence for which the company is responsible. These questions were all for the jury, and it would have been clearly erroneous to rule them as matter of law.

Our conclusion is based on principles of law, which have been uniformly followed in similar cases: Railroad Co. v. Kilgore, 32 Pa. 292; Railroad Co. v. Peters, 116 Pa. 206; Linch v. Traction Co., 153 Pa. 102; Holmes v. Traction Co., 153 Pa. 152.

Judgment affirmed.