## Machen *v.* Railway Company.

*Street railway—Alighting passenger—Negligence—Question for jury.*

It is the duty of persons in charge of a railway car to give persons ladened with bundles a reasonable opportunity to alight. Whether or not this was done in a particular case is a palpable issue of fact which cannot be withheld from the jury as there is no fixed measure of care which can be declared by the court as matter of law.

*Charge of court—Error in omission—Special request.*

As a general rule, except in flagrant cases, error cannot be assigned of what was not said by the trial judge; and nothing is better settled than that error cannot be assigned for an omission of a judge to charge in a particular way, unless his attention was called to it by a special request.

Pain and suffering has no market value but it is a basis of damage for which recovery may be had by way of an allowance in reasonable amount determinable by the jury.

In action by husband and wife for injuries to the wife, the court will not reverse because the court charged as follows: "The wife is entitled to an allowance for pain and suffering which she has endured by reason of this injury; this is all that she is entitled to." The two verdicts worked an apportionment of the total amount of damages and together included the expenses, the loss of services and the bodily pain and suffering.

Argued May 1, 1900. Appeal, No. 159, April T., 1900, by defendant, in a suit of Joseph Machen and Sarah A. Machen, his wife, against the Pittsburg & West End Passenger Railway Company, from judgment of C. P. No. 3, Allegheny Co., May Term, 1898, No. 305, on verdicts for plaintiffs. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Trespass for personal injuries. Before EVANS, J.

It appears from the record that this was an action brought by Joseph Machen and Sarah A. Machen his wife against defendant company to recover for injuries alleged to have been sustained by said wife because of negligence of defendant company.

The facts appear in the opinion of the court.

Defendant submitted the following point:

[Under the evidence in this case the verdict must be for defendant. *Answer:* Refused.] [1]

642, (1899).]        Charge of Court—Arguments.

The court charged the jury, inter alia, as follows:

[The wife is entitled to an allowance for the pain and suffering which she has endured by reason of this injury. This is all she is entitled to.] [6]

Verdicts and judgments for plaintiff for $1,500 for Sarah A. Machen and $500 for Joseph A. Machen. Defendant appealed.

*Errors assigned* were (1) in refusing defendant's request for binding instructions. (2) In its charge in failing to give proper, sufficient and adequate instruction to the jury upon the alleged negligence of appellant company. (3) The said charge of the court was insufficient and inadequate, it failing to instruct the jury that the burden of proving negligence under the circumstances of the case was upon the plaintiff. (4) In its charge in not instructing the jury as to the law relating to contributory negligence. (5) In its charge in failing to give sufficient and adequate instructions relating to the measure of damages. (6) The court erred in charging that the jury could allow for pain and suffering as an independent element of damage, reciting said portion of opinion.

*Clarence Burleigh*, with him *W. A. Challener*, for appellant.— The appellate court will reverse where the charge of the trial judge contains no clear statement of the questions involved, and no adequate presentation of any of them, and the inadequacy of the charge is such as to be in its effect upon the jury misleading and in its effect upon the defense unfair: Tietz v. Traction Co., 169 Pa. 516.

In the above case the jury did not have from the court that full and clear statement of the law applicable to the evidence which should precede intelligent deliberation and correct conclusion.

An instruction that leaves the jury to regard pain as an independent item of damage to be compensated by a sum of money that may be regarded as a pecuniary equivalent, is not only inexact but it is erroneous: Todd v. Traction Co., 192 Pa. 587 ; Goodhart v. R. R. Co., 177 Pa. 1.

*F. C. McGirr*, for appellees.—The second to the fifth assignments of error allege the failure of the judge to give suf-

ficient and adequate instructions. If counsel for defendant desired specific instructions upon any branch of the law or evidence, it was their duty to have framed and presented suitable points.

Error cannot be assigned for what was not said by the judge below without a request so to charge: Burkholder v. Stahl, 58 Pa. 371; Fox v. Fox, 96 Pa. 60.

In all negligence cases the items of damages are the expenses, loss of earnings and pain and suffering. In an action such as this the first two items go to the husband, the latter to the wife. But the fact that the damages are so divided between husband and wife does not make the pain and suffering an independent item of damages any more than if all the damages went to one plaintiff. The language of the decisions in Todd v. Traction Co., 192 Pa. 587, and Goodhart v. R. R. Co., 177 Pa. 1, as to pain and suffering not being an independent item of damages is much misunderstood. In the late case of Bamford v. Traction Co., 194 Pa. 17, it is said it is not error for a trial court to charge that an allowance may be made by way of compensation for pain and suffering, the court, DEAN, J., saying in explanation of Goodhart v. R. R. Co., 177 Pa. 1, that it was not suggested that pain and suffering had a positive price or market value.

This case is almost identical in its facts with the case of Bensing v. Peoples Electric Street Ry. Co., 9 Pa. Superior Ct. 142 and is ruled thereby.

OPINION BY WILLIAM W. PORTER, J., May 24, 1900:

In this case Sarah A. Machen has recovered a judgment of $1,500 and her husband a judgment of $500 for damages for injuries suffered by Mrs. Machen at the hands of the defendant company. The first specification of error is the denial of the court below of a request for binding instructions for the defendant company.

Mrs. Machen, on the evening of December 18, 1897, was a passenger on one of the cars of the defendant company. When the car arrived at Island avenue and Chartiers street, it stopped. She prepared to alight, having a heavy market basket and one or more bundles. She descended to the street, leaving her basket upon the platform. She was somewhat impeded by two

passengers entering the car. While attempting to remove her basket from the platform, the car started. She was struck in the back and injured. The conductor at the time of the accident was not upon the platform. He had gone forward to ascertain whether a crossing could safely be made of certain steam railroad tracks. He returned, and (as he alleges), upon seeing Mrs. Machen upon the ground and free of the car, motioned the motorman to proceed. The duty of the persons in charge of the car was to give Mrs. Machen a reasonable opportunity to alight with her bundles. The performance of this duty was explicitly denied by Mrs. Machen. This question was submitted to the jury: " Was the plaintiff allowed a reasonable time to get herself and her bundles off this car before the car was started? " This was a palpable issue of fact which it would have been error to withhold from the jury. There was no fixed measure of care which could be declared by the court as matter of law: Bensing v. Railway Co., 9 Pa. Superior Ct. 142. The first specification is, therefore, dismissed.

The remaining specifications (save the sixth) complain of insufficient and inadequate instructions on the part of the trial judge. It is a difficult thing for a trial judge to so measure out his charge that it may not be subject to the criticism of one or the other of the parties, because of undue brevity or unreasonable length. If he shall have clearly and fully stated the issues and instructed the jury upon the law bearing upon the evidence, as a general rule, he has performed his duty. Specific instructions may be deemed necessary by either party. If so, a request is the method by which to elicit such instructions. Here, there was no prolonged trial during which portions of the evidence might have been forgotten or been confused by the jury. There was no great involution of facts. There were no abstruse principles of law involved. There was but the issue of fact, above quoted, which was submitted with brevity and point. Errors of omission in a charge are generally not so grievous as those of commission. It has been held that error cannot be assigned of what was not said by the trial judge, and that this rule ought never to be transgressed except in flagrant cases, where the omission plainly operated positively to mislead the jury: Burkholder v. Stahl, 58 Pa. 371. Again it is said in Fox v. Fox, 96 Pa. 60, that nothing is better settled than that error cannot be

assigned for an omission of a judge to charge in a particular way, unless his attention was called to it by a special request.

The sixth specification complains that the court charged that ' the wife is entitled to an allowance for the pain and suffering, which she has endured by reason of this injury. This is all that she is entitled to," and that the effect of this was to allow pain and suffering as an independent item of damage. What is said in Goodhart v. R. R., 177 Pa. 1, 15, and Todd v. Traction Co., 192 Pa. 587, has not the significance sought to be imputed by this appellant. The language used means only that pain is not an item of damage susceptible of being compensated by a precise pecuniary equivalent; that it has no market value; that it is but a basis of damage for which recovery may be had by way of allowance in reasonable amount, determinable by the jury: Bamford v. Pittsburg, etc., Co., 194 Pa. 17. Aside from this, however, in this case the damages of the husband and wife, for the wife's injury, were determined under the same charge. The two verdicts worked an apportionment of the total amount of damages and together included the expenses, the loss of services and the bodily pain and suffering. Under the circumstances the defendant company suffered no injury.

The specifications are dismissed and the judgment is affirmed.