Ellen Hamilton, widow of Thomas Hamilton, deceased, for her own use and for the use of Mary McCullough, Maggie, Charles, James and John Hamilton, children of said Thomas Hamilton, Appellant, *v.* Pittsburg & Lake Erie Railroad Company.

*Negligence—Railroads—Death—Evidence.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, a verdict for the defendant is properly directed where the evidence shows that the deceased, although intoxicated, but not in a helpless condition of intoxication, was carried beyond the station where he had intended to alight, just after dark in the evening; that the conductor, knowing where he wanted to alight, stopped the train shortly after it left the station, assisted him to alight and pointed out to him the station which had been passed; that the place where he got off the car was exceedingly dangerous; that he reached the station in safety, and passed eleven hundred feet beyond it, where his body was found about four or five o'clock the next morning, on the line of another railroad company; that he had been dead about an hour when found; and the injuries to his body showed that death must have followed very soon after they were received.

Argued Oct. 20, 1897. Appeal, No. 159, Oct. T., 1897, by plaintiff, from judgment of C. P. Lawrence County, March Term, 1895, No. 20, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before RAYBURN, P. J., of the 33d judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in directing verdict for defendant.

*B. A. Winternitz,* with him *John G. McConahy,* for appellant. —The action of the court below in directing a verdict for the defendant, was error: Penna. R. R. v. Hope, 80 Pa. 373; West Mahanoy Twp. v. Watson, 116 Pa. 344: Haverly v. R. R., 135

Pa. 50; Wood v. Penna. R. R., 177 Pa. 306; Cleveland, etc., R. R. v. Rowan, 66 Pa. 393; Lake Shore, etc., R. R. v. Rosenzweig, 113 Pa. 519; Ham v. Canal Co., 155 Pa. 548; Malone v. R. R., 152 Pa. 390; Arnold v. Penna. R. Co., 115 Pa. 135; Penna. R. Co. v. White, 88 Pa. 327; Drake v. Kiely, 93 Pa. 492; Evans v. St. L., etc., Ry., 11 Mo. App. 463; McGrew v. Stone, 53 Pa. 436.

It was negligence on the part of the railroad company to eject Hamilton in his drunken condition at a dangerous place along their tracks: Central R. R. v. Phinazee, 21 S. E. 66; Ry. v. Valleley, 32 Ohio, 345; Cincinnati, etc., R. R. v. Cooper, 120 Ind. 469; Louisville, etc., R. R. v. Sullivan, 81 Ky. 624; Johnson v. Louisville, etc., R. R., 16 So. Rep. 76; L. & N. R. R. v. Ellis, 2 Am. & Eng. R. R. Cases (N. S.), 132; Indianapolis, etc., Ry. v. Pitzer, 109 Ind. 179; Ry. Co. v. Devainy, 63 Texas, 172; Stutz v. Ry., 73 Wis. 147; Kreuziger v. Ry., 73 Wis. 158; Dave v. R. R., 47 La. Ann. 576; Hays v. Gallagher, 72 Pa. 136.

*D. B. Kurtz* and *L. T. Kurtz*, for appellee.—There was no evidence of any negligence by the defendant which was the proximate cause of the accident: Del., L. & W. R. Co. v. Cadow, 120 Pa. 559; McCauley v. Logan, 152 Pa. 202; City of Allegheny v. Zimmerman, 95 Pa. 287; Kieffer v. Hummelstown Bor., 151 Pa. 304; McGrew v. Stone, 53 Pa. 436; Chartiers Twp. v. Phillips, 122 Pa. 601; Hoag v. Lake S. & M. S. R. Co., 85 Pa. 293; I. W. Scott & Co. v. Ry., 172 Pa. 646; Penna. R. R. v. Hope, 80 Pa. 373; Pass. Ry. v. Trich, 117 Pa. 390; Behling v. Pipe Lines, 160 Pa. 359; West Mahanoy v. Watson, 112 Pa. 574; Scott & Co. v. Ry. Co., 172 Pa. 646; Penna. R. v. Kerr, 62 Pa. 353; Scheffer v. R. R., 105 U. S. 249; Fredericks v. N. Cent. R. R., 157 Pa. 103.

An intoxicated man is not excused from the use of care for his protection: Illinois Cent. R. R. v. Hutchinson, 47 Ill. 408; Pierce on Railroads, 295; Patterson's Railway Accident Law, 74.

OPINION BY MR. JUSTICE FELL, January 3, 1898:

In this case a verdict was directed for the defendant on the ground that the evidence would not justify a finding of negligence which was the proximate cause of the death of the plain-

tiff's husband.  The facts shown by the testimony are these: The plaintiff's husband got on a car of the defendant company at Lowellville to ride ten miles to New Castle Junction, where he was to change cars and take a train on a branch road operated by the defendant for New Castle where he lived.  He was under the influence of liquor, and was assisted on the train by a friend who requested the conductor to see that he got off at New Castle Junction and took the train for New Castle.  He failed to get off the train at the junction, and was not notified to do so by the conductor who, noticing him in the car soon after the train left the station, stopped the train, assisted him to alight and pointed out to him the station which had been passed.  This was between 8 and 9 o'clock at night in September.  The body of the deceased was found between 4 and 5 o'clock the next morning on a railroad bridge owned by another company, some eleven hundred feet on the other side of the station.  He had apparently been dead about an hour, and the injuries to his body were of such a character that his death must have followed very soon after they were received.  He was not, while on the train, in a helpless condition of intoxication.  With slight assistance he got on and off the car; he paid his fare to the conductor, and when the brakeman pointed out to him the station to which he would have to walk back, he said, " Good night.  Don't bother about me, I'm all right," and walked without difficulty toward the station.  The friend who brought him to the cars at Lowellville had procured for him a flask of whisky, which was handed to him after he was seated in the car, and a broken whisky flask was found near his body the next morning.  There was considerable conflict in the testimony as to the distance from the station to the place where he got off the car, some witnesses stating it as not more than two hundred feet, and others as two thousand feet.  The place was a dangerous one for a man in the full possession of his faculties. It was at a point which was poorly lighted, and where there were a number of parallel tracks on which trains frequently passed.  These are the important facts as they appeared at the trial.

The plaintiff could not make out a case against the company by proof alone of negligence on the part of the conductor in directing her husband to get off the car at a place of danger.

No matter what the danger of the place or how clear the negligence, he was not injured there, nor until after he had reached a place of safety and passed beyond it, nor until after such a length of time that if still intoxicated it must have been the result of further drinking.  He reached the station in safety, passed by it and to the tracks of another company, and along them eleven hundred feet; and, as far as the testimony throws any light upon the subject, he was not killed until at least six hours after he left the train.  What had occurred in the meantime no witness knew.  If he became sober and ventured on the bridge, or if he drank again and became intoxicated and wandered aimlessly about, the defendant company was in no way responsible for his death.  If he had got off the car at the station in his then semi-intoxicated condition, the company would have been under no duty to guard him from danger.  The negligence with which it was charged was in putting him off the train at a place of danger.  But this danger he entirely escaped, and when he reached the station he was as safe as if he had got off there.  No negligent action of the company was the proximate cause of his death.

Judgment affirmed.