# Kradel v. Pittsburgh, Harmony, Butler and New Castle Railway Company, Appellant.

*Negligence—Street railway companies—Passengers—Intoxicated passengers—Ejection from car—Death—Proximate cause.*

1. If a passenger is received upon a street car, in an intoxicated condition, which is apparent to the carrier's employee, a higher degree of care toward him is required than in the case of a passenger in full possession of his faculties.

2. Where a passenger who is intoxicated is removed from a car by the carrier's employee, and is thereafter injured, the questions whether the carrier exposed such passenger to danger, which because of his intoxication he was unable to guard against, and whether that exposure was the proximate cause of his injury, are usually questions for the jury; where however it cannot be said that the only reasonable reference to be drawn from the evidence is that defendant's act was the sole and proximate cause of the injury it is error to submit the case to the jury to guess as to proximate cause.

3. Where, in an action to recover damages for the death of plaintiff's husband, it appeared that deceased had boarded a street car in an intoxicated condition; that, after failing to leave the car at the proper station, deceased was removed from the car at another station by the conductor; that he started to walk home and increased his intoxication on the way by taking additional drinks; that he was familiar with the locality and indicated his knowledge of where he was going; that he an hour later left the road and started to walk upon the street railway track where he fell and was injured by an approaching car, whereby his death resulted, binding instructions should have been given for defendant.

Argued Oct. 3, 1916. Appeal, No. 93, Oct. T., 1916, by defendant, from judgment of C. P. Butler Co., March T., 1914, No. 45, on verdict for plaintiff, in case of Sarah Agnes Kradel v. Pittsburgh, Harmony, Butler and New Castle Railway Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,800 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*T. C. Campbell,* with him *W. D. Brandon* and *J. C. Brandon,* for appellant.—The eviction of plaintiff's intestate from defendant's car was not the proximate cause of the injury: Hamilton et al. v. Pittsburgh & Lake Erie R. R. Co., 183 Pa. 638; Johnson v. Chester Traction Co., 209 Pa. 189; Louisville & Nashville R. R. Co. v. Logan, 88 Ky. 232 (10 S. W. Repr. 655); Louisville & Nashville R. R. Co. v. Johnson, 92 Ala. 204 (9 So. Repr. 269); Roseman v. Carolina Central R. R. Co., 112 N. C. 709 (16 S. E. Repr. 766); Railway Co. v. Vallely, 32 Ohio 345; Edgerly v. Union St. R. R. Co., 67 N. H. 312 (36 Atl. Repr. 558).

Plaintiff's intestate was guilty of contributory negligence.

*John R. Henninger,* with him *W. Z. Murrin* and *John Murrin,* for appellee.—Where a man under the influence of liquor is accepted as a passenger and his condition becomes known to the carrier it becomes the carrier's duty not to eject him at a place, not his destination, that is dangerous for a man in his condition: Tilburg v. Northern Central Ry. Co., 217 Pa. 618; Donovan v. Greenfield & Turner's Falls St. Ry. Co., 183 Fed. Repr. 526; Sullivan et al. v. Seattle Electric Co., 44 Washington 53 (86 Pac. Repr. 786); Mobile, Jackson & Kansas City R. R. Co. v. Jackson, 92 Miss. 517 (46 So. Repr. 142).

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

Plaintiff sued to recover damages for the death of her husband caused by being struck by one of defendant's

cars. On the morning of the day of the accident Kradel left his home at Eberhart station on the line of defendant's railway for Warrendale in Allegheny County, at which latter place he became somewhat under the influence of liquor. In the afternoon while in that condition he boarded one of defendant's cars at Warrendale to return home. He was obliged to change cars at Evans City and upon entering the car at this point handed the conductor twenty-five cents, but refused to state his destination, whereupon the conductor assumed that to be Butler, the end of the line, the fare to that place being twenty-five cents. Kradel was seated in the smoking compartment and when the car reached Eberhart a stop was made to take on a passenger. Immediately after leaving the station the conductor was informed by another passenger that Krabel lived at Eberhart, whereupon the car was stopped about a car length from the station platform. Kradel went to the rear platform but refused to alight, demanding that the car be backed to the station. The conductor refused to comply with this request and signaled the motorman to go ahead. The next stop was Ferguson, one and one-half miles from Eberhart by the railway and two miles by the wagon road. A short distance before reaching Ferguson Station is a siding known as "Kohlers" at which place the conductor intended to transfer Kradel to a car bound in the opposite direction and return him to Eberhart. In the meantime Kradel engaged in a dispute with the conductor using vile and abusive language in the presence of other passengers; the conductor thereupon decided not to attempt to transfer him at Kohlers siding but to continue to Ferguson Station where there is a shelter shed for use of passengers. When the car reached Ferguson the conductor informed Kradel he must leave the car and took him by the arm; Kradel, offering no resistance, said "All right" and left without further dispute. At this station a public road crosses defendant's railway and parallels it for some distance when it again crosses

to the opposite side and continues on to Eberhart where Kradel resided.   There was also a driveway along defendant's track which was occasionally used and leading directly from the station to the public road where it again crosses the railway.   Kradel was well acquainted with the neighborhood and the roads and on leaving the car at Ferguson Station walked either on the track or on the adjoining road in the direction of his home. . Upon reaching the public road at the point it crosses the track, he continued along the railway instead of following the road, stopping at the house of an acquaintance and inviting the latter to drink with him from a bottle which Kradel carried; both drank and Kradel continued along the track for a short distance, when he was seen to again drink from the bottle, and, after walking a short distance further, fall, and before he could arise was struck by a car that came over the crest of a hill, receiving injuries from which he died in a very short time.   This occurred when deceased was in the neighborhood of a half mile from his home, and about one hour after leaving defendant's car at Ferguson.

The lower court submitted the case to the jury and the verdict was returned for plaintiff which was sustained by the court on motion for judgment non obstante veredicto.

The rule is well settled that, where a carrier accepts, as a passenger, a person known to be affected by physical or mental disability whereby the hazards of travel are increased, it is liable to a greater degree of care for the safety of such passenger than is ordinarily required. Under this rule if a passenger is received in an intoxicated condition, which is apparent to the carrier's employee, a higher degree of care toward him is required than in case of a passenger in full possession of his faculties (Warren v. Pittsburgh & Butler Ry. Co., 243 Pa. 15) and, in case of injury, the question whether the carrier exposed the passenger to danger against which because of his intoxication he was unable to guard and

whether that exposure was the proximate cause of his death, are usually questions for the jury: Warren v. Pittsburgh & Butler Ry. Co., supra. The court below relied upon the above decision as ruling here and submitted the case to the jury.

A careful study of the facts shows the present case is distinguishable from the Warren case. There, deceased was ejected from the car while in a stupid drunken condition and left standing in the roadway opposite a small station platform. The accident occurred when he was but a few hundred feet from the station, walking along the track in the direction of his home. In the present case, although deceased used vile and profane language and bore evidence of intoxication, he was able to alight from the car without assistance and travel for a distance of almost a mile, when he reached a public highway crossing. He was familiar with the locality and indicated his knowledge of where he was going. In the meantime, and previous to the accident, he had taken at least two additional drinks of liquor and after stopping to converse with a neighbor, had again started along the track in the direction of his home and proceeded a short distance when he fell and was injured by an approaching car. Under these facts it not only appears he was in a physical condition to know where he was going and to take care of himself when he left the car, but had, subsequent to leaving it, added to his already intoxicated condition by his voluntary act. We would be carrying the rule of Warren v. Pittsburgh & Butler Ry. Co. (supra) further than was intended to hold that the jury should be permitted, under the facts of this case, to say that defendant's servants failed in their duty to deceased and that their acts were the proximate cause of his death nearly an hour later. The case falls rather within Hamilton v. Pittsburgh & Lake Erie R. R. Co., 183 Pa. 638, where this court held that, since deceased was not in a helpless condition of intoxication when ejected from the train and appeared to walk without difficulty, defend-

ant was not liable for injury received some hours later. There was also evidence that he had been drinking subsequent to leaving the train, and in the meantime had reached a place of safety, which he left to walk along the tracks of another railroad.

The burden was on plaintiff to show not only that defendant was negligent in ejecting deceased from its car at Ferguson Station and under the circumstances described by the witnesses, but also that such negligence was the proximate cause of death. In view of the undisputed evidence that deceased increased his intoxication by taking at least two drinks of liquor subsequent to the time of his removal from the car at a regular station of defendant it cannot be said that the only reasonable inference to be drawn from the evidence was that defendant's act was the sole and proximate cause of the injury and it was error to give the jury an opportunity to guess which was the correct theory: Glancy v. McKees Rocks Borough, 243 Pa. 216.

The judgment is reversed.