## Healey v. Philadelphia Transportation Co.

*Roger J. Soens*, for plaintiff.

*Francis Hopkinson*, for defendant.

FLOOD, J., February 16, 1959.—Taking the evidence most favorably to plaintiff, as we must in view of the finding, it appears that plaintiff, a young girl compelled to walk with the aid of two crutches as a result of an attack of polio, boarded defendant's trolley at Germantown and Allegheny Avenues. The motorman asked her if she was all right and waited for her to get inside the car. He did not, however, wait until she

was seated before he started the car. When the car started, she was still proceeding through the aisle and was thrown down and suffered the injuries here complained of.

It seems difficult to find any basis upon which to disagree with the trial judge's finding of negligence. This is not a case in which a finding of negligence requires evidence of an unusual movement of the trolley or a jerk which affected the other passengers. Here we have a situation in which the motorman knew of the disability of plaintiff and knew or had reason to know that she could not protect herself from falling by holding or grasping any object in the trolley to steady herself since both arms were occupied by her crutches. It was his duty, knowing that she had started toward a seat, to see that she was seated before he put the car into motion. His failure to do this clearly constitutes negligence. While no case has been pointed out to us which is identical on its facts, the rule seems beyond question despite the contrary rule in the case of unhandicapped passengers laid down in the case of Hill v. West Penn Railway Company, 340 Pa. 297 (1940). See also Warren v. Pittsburgh & Butler Railway Company, 243 Pa. 15 (1914), involving an intoxicated passenger and Jameitis v. Wilkes-Barre Ry. Co., 277 Pa. 437 (1923), where the court said that: "Where a carrier accepts as a passenger a person known to be affected by either physical or mental disability, whereby the hazards of travel are increased, it must exercise a greater degree of care for the safety of such passenger than is ordinarily required." See also Holmes v. Allegheny Traction Co., 153 Pa. 152 (1893). The case of Pierce v. Delaware, Lackawanna and Western Railroad Company, 358 Pa. 403 (1948), involves an entirely different situation from that before us.

Defendant also argues that plaintiff was guilty of contributory negligence because she did not take the first vacant seat and instead attempted to go well into the car. At the most this is a question for the jury and therefore for the trial judge sitting without a jury. We cannot say as a matter of law that she was contributorily negligent nor do we find any ground upon which a new trial should be awarded. Therefore defendant's exceptions are dismissed and judgment is entered for plaintiff on the findings.