384 A.2d 955

**Edith M. LeGRAND, Appellant,**

v.

**LINCOLN LINES, INC.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1977.

Decided April 13, 1978.

---

1. The Act of June 16, 1836, P.L. 715, § 27, *as amended* [5 P.S. § 71(V)].

20

Norman D. Jaffe, Butler, Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery, Butler, for appellant.

William C. Robinson, Butler, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting appellee's motion for summary judgment because appellant presented material issues of fact for the jury. We agree and, therefore, reverse the order of the lower court.

On November 22, 1975, appellant filed a complaint in trespass in the Court of Common Pleas of Butler County which alleged the following facts: On March 3, 1975, appellant, a woman about seventy years old, wearing a patch over one eye and carrying a purse and suitcase, boarded appellee's bus in Glenshaw, Pennsylvania. The bus was en route to Butler, Pennsylvania, approximately thirty miles from Glenshaw. Appellant alleged that after boarding the bus, she showed the driver her Medicare and Social Security cards. The driver, without looking at the cards, immediately started the bus moving forward with a "jerk" before appellant was either seated or supported. Appellant maintains that the forward movement of the bus threw her backwards and caused injuries to her back and legs. On December 15, 1975, appellee filed an answer denying negligence.

In depositions, appellant's granddaughter, who helped appellant board the bus, and her thirteen year old great-granddaughter, who observed the events, stated that the bus

"lurched" forward before appellant was seated or supported. Appellee's bus driver stated in a deposition that it was neither his nor the company's procedure to wait until passengers were seated before starting the bus. Appellee filed a motion for summary judgment which the lower court granted on September 30, 1976. The lower court based its grant of summary judgment on its conclusion that, as a matter of law, appellee's bus driver did not breach the duty of care owed to appellant. This appeal followed.

The law on summary judgment is well-settled. "Summary judgment is made available by Pa.R.C.P. 1035, 12 P.S.Appendix when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits considered together reveal no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. This severe disposition should only be granted in cases where the right is clear and free from doubt. To determine the absence of genuine issue of fact, the court must take the view of the evidence most favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment." (Citations omitted). *Husak v. Berkel, Inc.,* 234 Pa.Super. 452, 458, 341 A.2d 174, 177 (1975). *See also Amabile v. Auto Kleen Car Wash,* 249 Pa.Super. 240, 376 A.2d 247 (1977); *Bowman v. Sears, Roebuck & Co.,* 245 Pa.Super. 530, 369 A.2d 754 (1976). The moving party bears the burden of demonstrating clearly that there is no genuine issue of material fact. *Prince v. Pavoni,* 225 Pa.Super. 286, 302 A.2d 452 (1973); *Schacter v. Albert,* 212 Pa.Super. 58, 239 A.2d 841 (1968).

Appellant contends that a material issue of fact existed in the instant case: did appellee's employee violate the duty of care owed to appellant by setting the bus in motion before appellant was seated or supported. In order to determine the merit of appellant's contention, we must examine Pennsylvania case law defining the duty of care owed by a bus company to its passengers.

It is clear that Pennsylvania law holds a common carrier to the highest duty of care. *Mangini v. Southeastern Pennsylvania Transportation Authority,* 235 Pa.Super. 478, 344 A.2d 621 (1975); *Sommers v. Hessler,* 227 Pa.Super. 41, 323 A.2d 17 (1974); *Whitley v. Philadelphia Transportation Co.,* 211 Pa.Super. 288, 234 A.2d 922 (1967). Although the carrier is not an insurer of its passengers' safety, the carrier must exercise the highest standard of care that is reasonably practicable. *Lanigan v. Lewis,* 210 Pa.Super. 273, 232 A.2d 50 (1967). Moreover, a carrier which accepts as a passenger a person known to be affected by either a physical or mental disability which increased the hazards of travel must exercise a greater degree of care for that passenger than is ordinarily required. *Pierce v. Delaware L. & W. R. R. Co.,* 358 Pa. 403, 57 A.2d 876 (1948); *Jameitis v. Wilkes-Barre R. Co.,* 277 Pa. 437, 121 A. 317 (1923); *Healy v. Philadelphia Transportation Co.,* 18 Pa.D. & C.2d 346 (1959). Applying that standard in *Healy,* supra, the court found defendant-trolley car company negligent for setting the trolley car in motion while plaintiff, who walked with the aid of crutches, was still proceeding down the aisle.

In the instant case, appellant alleges that the bus driver breached his duty of care by failing to act reasonably in view of the surrounding circumstances. Specifically, appellant maintains that the driver should have been aware of her partial blindness, advanced age, and encumbering packages and thus should not have pulled away from the stop until she was seated or supported. We believe that appellant's contention presents several factual questions which the lower court improperly removed from the jury's consideration. First, whether, under the circumstances presented, appellee breached the duty of care by putting the bus in motion while appellant was still standing unsupported is clearly a question of fact. Second, whether appellant's blindness and advanced age were known to the driver and whether they increased the hazards of bus travel for her and thereby imposed a greater standard of care on appellee presents a further question of fact. *Pierce,* supra; *Jameitis,*

supra; *Healy,* supra. Third, if appellant's impairment and advanced age imposed a higher standard of care, the reasonableness of appellee's conduct in view of that standard constitutes an additional question of fact. Finally, whether appellee's conduct caused appellant's injuries raises other factual questions for the jury. ". . . Where there is a doubt as to the inference to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care required varies with the circumstances, the question of negligence is for the jury." *Cohen v. Philadelphia & Reading R. R. Co.,* 211 Pa. 227, 229, 60 A. 729, 730 (1905). *See also Stebner v. Young Men's Christian Association,* 428 Pa. 370, 238 A.2d 19 (1968).

Because we find that appellant's allegations present triable questions of fact for the jury, we hold that the lower court incorrectly granted summary judgment. Accordingly, we reverse the order of the lower court.

Orders reversed and cases remanded for further proceedings.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.