## Gordon v. NCR Corp.

*Arnold C. Grossman,* for plaintiff.
*Susan McLaughlin,* for defendant.
*J. Vincent Roche,* for additional defendant Signode Corp.

GUARINO, *J.,* February 27, 1980—Presently before the court is the motion for summary judgment by additional defendant, Signode Corporation.

On March 26, 1976, plaintiff, a longshoreman, filed a complaint in trespass against Appleton Papers, Inc. (hereinafter, defendant) to recover for injuries sustained on July 15, 1974, while loading skids of cartons of Dikote aboard the vessel S/S White Ocean, alleging negligence in the manufacturing, packaging and preparation of the cartons and skids for shipment. In turn, defendant joined as additional defendants six others on the ground that they are jointly or severally liable or liable over to it.[1] Among those joined as additional defendants is

---

1. Pa.R.C.P. 2252—Right to join additional defendants.
"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone

petitioner, Signode Corporation. The joinder complaint against petitioner is based both in trespass for negligence and in assumpsit for breach of implied warranties of fitness for use and merchantability. It is claimed that the nylon band which was used to attach the cargo to the skids was negligently manufactured and defective, and either caused or contributed to the accident which injured plaintiff. Answers to the joinder complaint were duly filed by all of the additional defendants. The pleadings are closed. Discovery consisting of depositions and answers to interrogatories is completed. The matter is ripe for review on motion for summary judgment.

After the pleadings are closed, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions and supporting affidavits. A judgment shall be rendered where upon consideration of the record there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law: Pa.R.C.P. 1035(b); Phaff v. Gerner, 451 Pa. 146, 303 A. 2d 826 (1973); Mendelsohn v. Santacroce, 2 Phila. Interloc. Civil Opin. 208 (1977).

Generally, in determining whether or not to grant a motion for summary judgment:

"[W]e are to accept as true all well pleaded facts in the nonmoving parties' pleadings, as well as the admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom: the record must be examined in the light most favor-

---

liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

able to them; and in passing upon a motion for summary judgment, it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 203, 280 A. 2d 570, 573 (1971). See also, Curran v. Philadelphia Newspapers, Inc., 261 Pa. Superior Ct. 118, 395 A. 2d 1342 (1978); McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969); Acker v. Palena, 260 Pa. Superior Ct. 214, 393 A. 2d 1230 (1978). The moving party has the burden of demonstrating that there is no genuine issue of fact: Kent v. Miller, 222 Pa. Superior Ct. 390, 294 A. 2d 821 (1972); Moore v. Zimmerman, 221 Pa. Superior Ct. 359, 292 A. 2d 458 (1972); Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968); LeGrand v. Lincoln Lines, Inc., 253 Pa. Superior Ct. 19, 384 A. 2d 955 (1978). Summary judgment should be granted only in the "clearest of cases." Kotwasinski v. Rasner, 436 Pa. 32, 258 A. 2d 865 (1969); Toth v. Philadelphia, 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968). See also, Harris v. Di Marcello, 3 Phila. Interloc. Civil Opin. 445 (1979).

In its motion for summary judgment, petitioner alleges that it is entitled to judgment because the record clearly shows that the nylon (polyurethane) bands which it manufactures and which bound the cargo to the skids (pallets) did not break, as alleged, and therefore did not cause or contribute to the accident which injured plaintiff. Since liability is based on a defect in the polyurethane band, it cannot be liable if the bands did not break. The motion

is opposed by plaintiff, the original defendant and Gaylord Container Co., one of the six joined as additional defendants.

Evidence on this point, viewed in the light most favorable to the non-movants, see Hertz Commercial Leasing Corp. v. Goldstein, 3 Phila. Interloc. Civil Opin. 9 (1979) and Bowerman v. Tomhave, 3 Phila. Interloc. Civil Opin. 330 (1978), is as follows:

When deposed on February 7, 1975, in conjunction with a federal civil suit, and questioned about the accident, plaintiff stated that the ship's floor broke when the cargo was put down on it and the cargo flipped over and struck him. Asked about the bands binding the cargo, he answered "No the bands didn't broke (sic) at all."

Deposed on December 19, 1978, he stated that the board in the "skid" broke "where the paper sit (sic), right in the middle" and the cargo fell on his foot. When specifically asked:

"Q. Did that band break at any time?" he answered,

"A. The band broke. The band didn't broke (sic), the board broke.

"Q. They did not break?

"A. The board underneath the roll of paper broke."

Then responding as to when he first noticed the hole in the floor of the ship, he stated "after the band broke-after the board break (sic) under the roll of paper, then I step (sic) in the hole."

In effect, plaintiff's theory and his evidence is that he was injured when the ship's floor or a board of the skid broke causing the cargo to flip over and strike him. His statement, "the band broke" followed immediately by the correction "the band

didn't broke (sic) the board broke" does not create a disputed fact. See Small v. Paolino, 1 Phila. Interloc. Civil Opin. 309, 311 (1976). This testimony even when viewed in the light most favorable to the non-moving party was at best equivocal and conjectural; his final word is that the bands didn't break.

Eutah Lyles, a witness to the accident, deposed on July 30, 1975, testified that the dunnage floor (ship's floor board) broke from the weight of the cargo. Asked what occurred after the floor broke, he stated that the "paper fell over and the roll, that is when we found out it was in half rolls, and when it turn (sic) over, the band broke on the paper," and toppled to the floor. "When it broke in half, half of it rolled down on the floor."

Deposed on May 7, 1979, Lyles stated that he was moving the cargo with a forklift when the board of the pallet (skid) broke making the cargo fall. Asked if anything happened to the cartons before the pallet broke, he answered that he didn't notice. After the accident, he noticed that the bands were not broken.

On the whole, Lyles' testimony is to the effect that the bands did not break. His final positive testimony is that the bands did not break. His inspection after the accident revealed that two boards were still attached to the cargo indicative that the bands had held. At best, the reference in Lyles' first deposition is that the dunnage floor broke causing the paper rolls to fall and that the cargo fell on plaintiff. The clear implication is that the accident did not occur because the bands broke; the bands broke only after the boards had broken and fallen on plaintiff. All the other evidence in this case supports this as well.

Depositions of Norman Brock taken July 30, 1975, do not mention the bands. He testified that either the floor boards fractured or the pallet boards collapsed. The deposition of George Morrison, a workmen's compensation representative who investigated the accident, contains no reference to the broken bands. Answers to interrogatories add nothing more in the way of evidence on this point; the answers made are based on the depositions referred to.

This evidence fails to establish the fact upon which movant's liability is based and therefore the case against him falls.

In the memorandum of law, respondent contends that the motion is premature because a certificate of readiness has not been filed. Additionally, in answers to interrogatories, respondent states that investigation as to the cause of the accident is continuing and will continue to the time of trial.

To adopt respondent's view that a summary judgment cannot be entered where there is a bare allegation that investigation is continuing would be self-defeating. A summary judgment shall be rendered "when the pleadings are closed and discovery is complete." Pa.R.C.P. 1035. The term "shall" when used in the law is directory and mandatory. See Amalgamated Transit Union Div. 85 v. Port Authority of Allegheny Co., 417 Pa. 299, 303, 208 A. 2d 271 (1965); Reinhold v. Weiss, 1 Phila. Interloc. Civil Opin. 45, 3 D. & C. 3d 642 (1976). To adopt respondent's view on mere allegation that investigation is continuing and will continue to time of trial is antithetical to the mandate and aims of the rule. The whole idea of the summary judgment procedure is to dispense with trial where no triable fact is at issue. Cf. Holmes v. Delaware Alloy

Forge Co., 1 Phila. Interloc. Civil Opin. 198 (1976).

To keep this case open as to petitioner on the naked assertion that the investigation is continuing and should continue to day of trial would frustrate the aims and purpose of the summary judgment rule, which was designed to avoid trial where there is no factual dispute. We note that almost six years have lapsed since the happening of the incident giving rise to the cause of action and four years since this suit was commenced, and that no further discovery has been scheduled. On the issue of time limitation within which discovery should be complete, we refer the parties to the recent order of the Supreme Court, No. 161, E.D. Misc. Docket, 1979, dated November 19, 1979, 9 Pa. Bull. 3936 (1979). While the structure of the order is not applicable to the present case, the order definitely sets a time table limit within which a civil case should be ready for trial. It is in keeping with the spirit of this rule that we reject respondent's argument.

The contention that a certificate of readiness[2] is a prerequisite for the filing of a motion for summary judgment is also without merit. Our practice has never made this a requirement for summary judgment motions.[3] A motion for summary judgment is filed after pleadings are closed and before trial, premised on the proposition that there is no triable issue; the party should not have to go through the tribulation and expense of preparing for trial before filing same.

---

2. Phila. Court Rule 150.

3. See cases cited in Phila. Interloc. Civil Opin. 1, 2, 3—Topical Index.

ORDER

And now, February 27, 1980, after consideration of the whole of the record and on motion of Signode Corporation, additional defendant, it is ordered, adjudged and decreed that the motion for summary judgment is granted and that the action as to Signode Corporation, additional defendant, is dismissed.