## Tilli v. Spaziani

*Daniel Tilli, pro se.*
*Gus Milides*, for defendant Charles Spaziani.
*April L. Cordts*, for defendants Easton Publishing Co., Laubach & Neitzel.
*Charles H. Spaziani*, for defendant Holmes Enterprise.

VAN ANTWERPEN, *J.*, July 17, 1985 — This matter is before us on defendants' motion for summary judgment. The action arises out of a respon-

sive letter written by defendant Charles Spaziani, to "The Hot Corner," a column published by The Express, a newspaper of general circulation owned by defendant Easton Publishing Company. Defendant Spaziani wrote the letter in response to an article written by plaintiff and published in "The Hot Corner" on August 28, 1983. Plaintiff's article read as follows:

"WBC a big joke. The World Boxing Council is a big joke.

First, it ordered Larry Holmes to fight Greg Page or it would strip away the title. Now, after a meeting with Holmes in Las Vegas, the story is different — he is to fight an unranked opponent to make an easy million dollars.

The WBC took away Leon Spinks' title for not fighting Ken Norton before Muhammad Ali. This is an unfair practice, and if Holmes gets away with it all the other fighters should disregard the WBC.

How much was the payoff to the WBC?

There are great fighters on the list who never fought Holmes. Give them a chance first since they are ranked above the guy (Scott Frank) Holmes will fight on September 10 in Atlantic City.

Holmes never fought Michael Dokes, Page, John Tate, Gerry Coetzee or Marvis Frazier. And Tim Witherspoon, Mike Weaver, Gerry Cooney all desire another shot since they gave the champ a good battle. .

All these are ranked ahead of Frank yet they will not get a shot at the title. It is time that a senate investigation is made into the boxing racket. The WBC should be put out of the boxing business for corruption."

Defendant Spaziani's letter in response to plaintiff's article read as follows:

"I was rather surprised to see that you would print the letter of Daniel Tilli (Hot Corner, August 28) since he writes them very often without much thought.

As Larry Holmes' attorney and representative, I want to clear up the misquotes and the innuendos raised in the letter.

Larry has been champion more than five years and has had 14 title defenses and has never avoided a fight with anyone. The meeting between the president of the World Boxing Council, Jose Sulaiman, promoter Don King, Larry Holmes and myself was in San Juan, Puerto Rico. King is the promoter for Greg Page and Sulaiman is the president of the WBC. Our request for the extension of the mandatory (bout) until February or March was not unusual and is done rather frequently with the consent of the No. 1 contender, Greg Page agreed for the extension of time and Larry was permitted to fight two fights in 1983. The fight against Scott Frank, who is ranked No. 10 by the WBC, is a sanctioned fight that will be held September 10 in Atlantic City.

Since Larry has fought 14 times in defending his title, he has given the opportunity to everyone in the Top 10, without hesitation, and Scott Frank is another contender who is given that opportunity. To say by innuendo that there was a payoff to the WBC is not only untrue, but an absolute false misrepresentation.

Larry Holmes has been an honorable champion bringing credit to himself, his family and his community. If there were more individuals involved in professional sports like Larry Holmes, it would certainly be upgraded and people could look to their athletic figures with pride. Larry is an excellent example for the young children to look up to and he

lives an exemplary life that parents are proud to have their children relate to. I do not believe that one misguided individual should be permitted to put into print an attempt to tear down what has taken 14 years of hard work and dedication to establish. I am proud of Larry as a fighter and more proud of him as a person."

Plaintiff contends that certain language contained in defendant Spaziani's letter was defamatory. More specifically, plaintiff alleges a cause of action for libel in the statements "I was rather surprised to see that you would print the letter of Daniel Tilli (Hot Corner, August 28) since he writes them very often without much thought" and "I do not believe that one misguided individual. . . ."

Defendants contend the aforementioned statements are not defamatory and request this court grant their motion for summary judgment.*

Initially, we note that we must decide this issue without the benefit of a written brief from plaintiff who is acting pro se. Pursuant to Northampton County Court Rule N210(d), the failure to file a brief in conformance therewith shall constitute a default. Accordingly, defendants' motion for summary judgment shall be granted. In the interest of finality, however, we will entertain and dispose of the remaining issues.

As the court said in Acker v. Palena, 260 Pa. Super. 214, 393 A.2d 1230, 1232 (1978):

"The law on summary judgment is well-settled.
". . . This severe disposition should only be granted in cases where the right is clear and free from doubt. To determine the absence of a genuine issue of fact, the court must take the view of the evidence

---

* It has been indicated that all defendants rely on and take part in the brief filed by Attorney Cordts.

most favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment." (Citations omitted). Husak v. Berkel, Inc., 234 Pa. Super. 452, 458, 341 A.2d 174, 177 (1975). See also, Amabile v. Auto Kleen Car Wash, 249 Pa. Super. 240, 376 A.2d 247 (1977); Bowman v. Sears, Roebuck & Co., 245 Pa. Super. 530, 369 A.2d 754 (1976). The moving party bears the burden of demonstrating clearly that there is no genuine issue of material fact. LeGrand v. Lincoln Lines Inc., 253 Pa. Super. 19, 384 A.2d 955 (1978). See also, Prince v. Pavoni, 225 Pa. Super. 286, 302 A.2d 452 (1973); Schacter v. Albert, 212 Pa. Super. 58, 239 A.2d 841 (1968).

It is the function of the court in the first instance to determine whether or not the communication complained of is capable of defamatory meaning. Cosgrove Studio & Camera Shop Inc. v. Pane, 408 Pa. 314, 182 A.2d 751 (1962). If the court determines that the statement is capable of defamatory meaning, it is for the jury to determine whether it was so understood by the recipient. Corabi v. Curtis Publishing Co., 441 Pa. 432, 273 A.2d 899 (1971). Should the court determine the subject statement is not capable of defamatory meaning, there is no basis for the matter to proceed to trial. Thomas Merton Center v. Rockwell International Corp., 497 Pa. 460, 442 A.2d 213 (1981).

Moreover, to sustain a complaint in libel, plaintiff must establish that the subject communication is defamatory in that it tends to so harm the reputation of plaintiff as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Id.; Rybas v. Wapner, 311 Pa. Super. 50, 457 A.2d 108 (1983). However, since "words which standing alone may reasonably be understood as defamatory may be so

explained or qualified by their context as to make such an interpretation unreasonable," Thomas Merton, supra, we must read the article as a whole and give it "the impression it would naturally engender in the minds of average persons among whom it is intended to circulate. The words must be given by judges and juries the same signification that other persons are likely to attribute to them." Brophy v. Philadelphia Newspapers Inc., 281 Pa. Super. 588, 422 A.2d 625 (1980), citing Corabi, supra.

Defendants contend the challenged communication in the present case is not actionable as it is merely an opinion expressed by defendant Spaziani. Whether a statement constitutes a fact or opinion is a question of law for the court. Braig v. Field Communications, 310 Pa. Super. 569, 456 A.2d 1366 (1983). Statements that represent differences of opinion or cause plaintiff only annoyance or embarrassment are, without more, not libelous. Redding v. Carlton, 223 Pa. Super. 136, 296 A.2d 880 (1972).

It has been said that there are two types of opinions. The pure type of opinion occurs when the maker of the comment states the facts upon which he bases his opinion of plaintiff and then expresses an opinion as to plaintiff's conduct, qualifications or character. This pure expression of opinion is absolutely privileged. Braig, supra. The second type of opinion or the mixed type occurs when the maker expresses an opinion that is apparently based on facts regarding plaintiff that have not been stated by defendant.

If the court determines that the challenged communication is in fact an opinion, the statement is actionable only if it implies allegation of undisclosed defamatory facts as a basis for that opinion. Restatement (Second) of Torts, §566 and Braig, supra. The

reasoning for this rule was expressed in Rybas, supra, where the court stated:

"*We note that to restrict too severely the right to express such opinions, no matter how annoying or disagreeable, would be dangerous curtailment of a First Amendment Right. Individuals should be able to express their views about the prejudices of others without the chilling effect of a possible lawsuit in defamation resulting from their words.* We thus affirm the fundamental right to express views about the character of other people except where that express will so . . . harm the reputation of another as to lower him in the estimation of the community or . . . deter third persons from associating or dealing with him. Corabi, supra, 441 Pa. at 477, 273 A.2d at 907." (Emphasis supplied.)

Upon perusing the subject letter, it is clear that the language employed by defendant Spaziani constitutes the pure type of opinion which is absolutely privileged. Defendant Spaziani alleges in his letter that plaintiff wrote his editorial "without much thought" and was a "misguided individual." Defendant Spaziani set forth in detail the reasons for his opinion of plaintiff. Mr. Spaziani indicated that he was Larry Holmes' attorney and his intent in writing the letter was "to clear up the misquotes and innuendos raised" in plaintiff's letter. Defendant Spaziani then proceeded to outline the circumstances surrounding the failure of the Holmes and Greg Page fight to come off. In fact, Spaziani indicated that he himself was present at the negotiations for the fight and had personal knowledge of the events that transpired. It is upon those events that defendant Spaziani believed plaintiff to be misguided. His letter was complete and detailed. We cannot say that his opinion of plaintiff was based on undisclosed defamatory facts. To the con-

trary, it is clear to the reader that the facts stated in the article were the facts upon which defendant Spaziani based his opinion of plaintiff. Accordingly, the opinion expressed was a pure opinion and absolutely privileged by the First Amendment. It is not actionable merely because it may have caused plaintiff some annoyance or embarrassment.

Moreover, if we look at the type of forum in which the respective letters were published, we see that opinions were encouraged and gripes expected. The forum was entitled "The Hot Corner" which contained the following explanation of its contents:

"The Hot Corner is your forum to air gripes, make suggestions or ask questions. The Express requires that the names of all Hot Corner letter writers must appear in print at the end of their letters. All letters must be signed and contain the writer's complete address and telephone number for verification purposes."

In the present case, plaintiff chose to utilize this forum to express his complaint. In fact, plaintiff's letter to "The Hot Corner" alleged a payoff by Larry Holmes or his management to the World Boxing Council. Surely, such a serious allegation would invite comment from those associated with Mr. Holmes. Plaintiff elected to air his gripe about Larry Holmes and defendant Spaziani in turn elected to air his gripe about plaintiff. "The Hot Corner" was the forum through which each individual could state their respective opinions and both parties were clearly aware of the nature of the forum.

This is a case in which it can be said that if one can't stand the heat, they should get out of the kitchen or at least its "hot corners." Plaintiff elected to present his accusations through a public forum. The First Amendment's Freedom of Speech is not a one-way street. Plaintiff is not the only person pro-

tected. His letter alleged serious wrongdoings which themselves could possibly constitute defamatory statements. It is only proper that in view of such criticism, one with an interest and personal knowledge in the subject matter attempt to clear the air. Plaintiff should have expected a vehement response. The fact that the response contained opinions of plaintiff that may have caused him embarrassment is of no significance.

Accordingly, we find that defendant Spaziani's statements were the pure type of opinion that were not based on undisclosed defamatory facts.

Wherefore, we enter the following

## ORDER OF COURT

And now, this July 17, 1985, defendant's motion for summary judgment is granted, there being no genuine issues of material fact present.