**Alston v. St. Paul Insurance Companies**

*David L. Lockard,* for plaintiff.
*Michael P. McKenna,* for defendant St. Paul Insurance Companies.
*Kevin J. Ruane,* for defendant Janet Rohrer.
*David P. Rovner,* for defendant John T. Williams.

*Irwin Schneider,* for defendant Vocational Rehabilitation Services Inc.

HAZEL, *J.,* May 26, 1988 — The above-captioned matter was commenced with the filing of plaintiff's complaint in trespass, wherein it was alleged, inter alia, that defendants, St. Paul Insurance Companies, John T. Williams, M.D., and Vocational Rehabilitation Services Inc., engaged in a course of tortious conduct through which they conspired to fraudulently deny plaintiff Calvin Alston benefits due under the Pennsylvania Workman's Compensation Act, see 77 Pa.C.S. §1, et. seq., by negligently and intentionally misrepresenting facts to the plaintiff. Plaintiff Calvin Alston seeks compensatory and punitive damages, and his wife Dorothy Alston seeks compensatory and punitive damages for the loss of her husband's consortium. Additional defendant, Janet Rohrer, was joined by the third party complaint of defendant, VRS.

On March 3, 1988, an order was entered wherein we granted the motions for summary judgment of defendants St. Paul, Williams, and VRS. Plaintiffs' notice of appeal from this order was filed in a timely manner, thus necessitating this opinion.

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). See generally, *Thorsen v. Iron and Glass Bank,* 328 Pa. Super. 135, 476 A.2d 928 (1984); *Toth v. City of Philadelphia,* 213 Pa. Super. 282, 247 A.2d 629 (1968). On a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving

party, giving this party the benefit of all reasonable inferences, and determine whether no genuine issue of material fact exists, thus entitling the moving party to judgment as a matter of law. See e.g., *Mattia v. Employers Mutual Companies*, 294 Pa. Super. 577, 440 A.2d 616 (1982). The moving party bears the burden of proof in demonstrating that there exists no genuine issue of material fact. See, generally, *Le Grand v. Lincoln Lines Inc.*, 253 Pa. Super. 19, 384 A.2d 955 (1978). In light of the foregoing, the relevant facts follow.

On April 24, 1981, plaintiff, Calvin Alston, was injured in a job-related accident, sustaining fractures of his vertebrae, fractures of both wrists, and aggravation of degenerative changes throughout his neck and upper and lower back. Plaintiff's workmen's compensation carrier, defendant St. Paul, began paying benefits and shortly thereafter entered a contract with defendant VRS whereby VRS would obtain medical records, monitor plaintiff's recovery, and report to St. Paul. In February 1982, VRS assigned plaintiff's file to additional defendant Janet Rohrer, a "rehabilitation nurse" and employee of VRS.

Plaintiff continued to collect benefits and was treated for his injuries. In April 1982, Rohrer met with Dr. Brendan Wynne. Dr. Wynne was at this time treating plaintiff for aggravation of his pre-existing degenerative condition and possible traumatic pericarditis. A firm work date was not forthcoming from Dr. Wynne following this interview. Rohrer reported the plaintiff's medical status to a representative of St. Paul's and it is alleged that discussions concerning the management of his case followed, as it was a concern of defendants St. Paul, VRS, and Rohrer that plaintiff might be totally disabled and therefore, unable to resume work as a carpenter.

Rohrer met with plaintiffs Calvin and Dorothy Alston in May 1982. She informed plaintiffs that an appointment with defendant Williams would be scheduled and described Williams as a "miracle worker" who would treat and cure Calvin Alston. In fact, an appointment with Williams for an independent medical examination was scheduled despite contrary reports from plaintiff's treating physicians that he remained disabled and unable to return to work. Nevertheless, plaintiff was sent to Williams so that defendants could secure a physician's affidavit of recovery, although plaintiffs' actual physical condition made the issuance of an affidavit of recovery inappropriate.

On August 31, 1982, plaintiff appeared for Williams' examination. At no time was plaintiff advised that an independent medical exam would take place or that plaintiff could bring his physician with him to such exam. Rather, plaintiff was affirmatively misled and believed that Williams would treat and cure his ailments. After a cursory twenty minute examination, and without contacting any one of plaintiff's treating physicians or obtaining plaintiff's medical records, Williams told plaintiff that he was ready to return to work. Immediately after plaintiff's departure, Williams notified Rohrer that he would sign an affidavit of recovery and the affidavit was executed on the same day.

Having secured the affidavit of recovery, a representative of St. Paul approached plaintiff to discuss a lump sum settlement of plaintiff's claim. The offer to settle was rejected and shortly thereafter St. Paul filed a petition to terminate. Plaintiff's benefits ceased and proceedings before a referee resulted in a denial of the petition to terminate and reinstatement of benefits, and a finding that St.

Paul's contest was unreasonable, entitling plaintiff to attorney's fees. St. Paul appealed and the Workmen's Compensation Appeal Board affirmed, reversing, however, the award of attorney's fees, based on its own finding of "reasonable contest" as a matter of law. Plaintiff took no appeal from this decision.

The court's order granting the second motion for summary judgment of defendant, St. Paul Insurance Company, in which defendants VRS and Williams have joined, gave rise to this appeal. In this motion, defendants argue as grounds for summary judgment the recent decision of the Pennsylvania Superior Court in the case of *Rosipal v. Montgomery Ward,* 360 Pa. Super. 560, 521 A.2d 49 (1987), allocatur granted 522 A.2d 93 (1987), appeal dismissed 517 Pa. 460, 538 A.2d 495 (1988), wherein the Superior Court, reversing the trial court, sustained defendant's demurrer to the complaint based on the exclusivity clause of the Workmen's Compensation Act, 77 Pa.C.S. §481. In *Rosipal,* the plaintiff's complaint alleged that the defendant attempted to wrongfully terminate workmen's compensation benefits by procuring a fraudulent, perjured affidavit of recovery, causing her to suffer economic duress, extreme and severe emotional distress and damages for breach of a compensation agreement. Plaintiffs here, in their response, attempt to distinguish the facts in *Rosipal* from those in the case sub judice. However, having carefully reviewed the matter, we concluded that in light of the dictates of *Rosipal,* the entry of summary judgment in favor of defendants was required.

In *Rosipal v. Montgomery Ward,* plaintiff-employee, after sustaining a work-related injury, filed a notice of compensation payable and initiated wage indemnity payments. Thereafter, defendant-em-

employer file a petition to terminate compensation under the act. The petition was supported by a physician's affidavit of recovery. After several hearings before a referee the employee's benefits were ultimately reinstated. The employee then commenced a civil suit claiming damages resulting from the employer's allegedly fraudulent acts in procuring a perjured affidavit of recovery and initiating termination proceedings based on that affidavit.

Reviewing the trial court's dismissal of the employer's demurrer to the complaint, the Superior Court, relying on the exclusivity provision of the act, stated: "The Workmen's Compensation Act covers all injuries and the exclusivity clause in 77 Pa.C.S. §481 bars all civil actions flowing from work related injuries." *Rosipal v. Montgomery Ward, supra* citing *Kline v. Arden H. Verner Co.,* 503 Pa. 251, 469 A.2d 158 (1983); *Christman v. Dravo Corp.,* 319 Pa. Super. 378, 466 A.2d 209 (1983). The *Rosipal* court went on to reject the trial court's conclusion that the employee's claim "did not arise from an employment related accident such as would be covered by the Workmen's Compensation Act", reasoning that "but for" the underlying injury which occurred in the course of employment, the employee would have no right to compensation. Since the "ultimate basis" for her recovery was an injury compensable under the act, the exclusivity provision applies and precludes the employee's cause of action. Finally, the Superior Court noted that the employee's complaint did not allege that her employers failed to comply with the provisions of the act or failed to pay all benefits due under the act.

The act's exclusivity provision does not preclude an employee's suit for injury resulting from an employer's intentionally tortious conduct. See e.g., *Jones v. P.M.A. Insurance Co.,* 343 Pa. Super. 411,

495 A.2d 203 (1985); *Readinger v. Gotschall,* 201 Pa. Super. 134, 191 A.2d 694 (1963). Judge Johnson, in his well-reasoned dissent, argued that intentional torts of the nature alleged give rise to an independent cause of action unrelated to the employee's physical condition. Rather, the injury suffered is an injury to the employee's legal rights under the act. This injury was not suffered in the course of employment but was suffered when the employer and its insurer filed their petition to terminate. See *Rosipal v. Montgomery Ward, supra,* citing 77 Pa.C.S. §§411 & 431. Applying the majority's "proximate cause" analysis, Judge Johnson further argues that while the act is the exclusive remedy for the physical injury initially suffered by the employee, the intentionally tortious act which the complaint alleged occurred long after the physical injury and long after the employment relationship was terminated.

The undisputed facts in the case sub judice indicate that plaintiff Calvin Alston was injured in a work-related accident and received workmen's compensation benefits under the act. Following the execution of William's affidavit of recovery and upon St. Paul's petition to terminate, the matter was heard by a referee. Benefits were reinstated and plaintiff was awarded attorney's fees based on the referee's finding of an unreasonable contest. See 77 Pa.C.S §996. On the employer's appeal, the Workmen's Compensation Appeal Board found, based on its review of Williams' deposition that "substantial, competent evidence to support a termination" had been offered and reversed the award of attorney's fees. In all other respects, the referee's decision was affirmed.

Applying the *Rosipal* analysis to the foregoing, it is clear that "but for" plaintiff's work-related injury,

the conduct which forms the basis of the plaintiff's civil action would not have occurred. Stated differently, had not plaintiff suffered a work related injury, the termination proceedings, fraudulently initiated or not, would not have been instituted. Under *Rosipal,* the conclusion that the act's exclusivity provision precludes the present action must follow.

Plaintiff here attempts to distinguish *Rosipal, supra,* arguing that in *Rosipal* suit was brought against the employer while in the case at bar St. Paul is sued as insurer, thereby rendering section 481 inapplicable. In fact, in a footnote, the *Rosipal* court distinguished an earlier federal case which upheld a similar cause of action against an insurance carrier.* See *Rosipal v. Montgomery Ward, supra.*

In *Reed v. Hartford Accident and Indemnity Co.,* 367 F.Supp. 134 (E.D. Pa. 1973) an employee

---

* Section 481 provides:

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 30(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employee is caused by a third party, then such employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employees, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action. 77 Pa. C.S. §481.

brought an action seeking damages for intentional economic duress, conversion, abuse and misuse of process, and breach of contract where it was alleged that the defendant workmen's compensation carrier wrongfully, fraudulently, willfully and maliciously terminated the employee's benefits. In sustaining the cause of action, the federal district court explained that the suit was brought against the carrier, as insurer for independent tortious acts unrelated to the plaintiff's employment, and therefore the carrier was not protected by the act's exclusivity provision which immunizes employers from suits brought to recover for employment-related accidents. The determinative factor in *Reed, supra,* was the nature of the injury which gave rise to the cause of action in that case. It was that court's conclusion that the plaintiff's injury was suffered as a result of an independent intentional tort unrelated to any employment-connected accident and therefore the exclusivity provision of the act was irrelevant. This is in sharp contrast to the majority's analysis in *Rosipal, supra,* but rather, conforms to the view expressed in the dissenting opinion of Judge Johnson. Additionally, as Judge Johnson points out in his dissenting opinion, the allegedly fraudulent termination of compensation proceedings in *Rosipal* were instituted by the defendant-employer and its insurer, Aetna Insurance Company. This fact supports our conclusion that the distinction plaintiff urges, in light of section 481, is without substantive merit. Accordingly, while this court may consider the view of Judge Johnson and the majority of jurisdictions, i.e., that intentional tortious injury to an employee's legal rights gives rise to an independent cause of action which is not barred by the act's exclusivity provision, see *Rosipal v. Montgomery Ward, supra,* citing 2A Larson

Workmen's Compensation §68-32(b) and cases cited therein, the more reasonable and legally sound view, we were constrained to follow the dictate of the Superior Court and enter summary judgment in favor of defendants St. Paul, VRS, and Williams.