IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joy Adams,                          :
                    Appellant      :
                                    :
            v.                      :
                                    :   No. 269 C.D. 2018
SEPTA                               :   Argued:  November 15, 2018


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge (P.)
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED:  December 6, 2018


          Joy Adams (Adams) appeals to this Court from the February 22, 2018

order of the Court of Common Pleas of Philadelphia County (trial court) denying her

motion for post-trial relief.  Adams sought post-trial relief asking the trial court to

reverse its decision granting the Southeastern Pennsylvania Transportation

Authority's (SEPTA) motion for nonsuit.[1]  In granting nonsuit, the trial court

---

[1] The trial court entered the nonsuit pursuant to Pennsylvania Rule of Civil Procedure
230.1(a) which provides, in pertinent part:

> (1) In an action involving only one plaintiff and one defendant, the court, on oral
> motion of the defendant, may enter a nonsuit on any and all causes of action if, at
> the close of the plaintiff's case on liability, the plaintiff has failed to establish a
> right to relief.

> (2) The court in deciding the motion shall consider only the evidence which was
> introduced by the plaintiff and any evidence favorable to the plaintiff introduced by
> the defendant prior to the close of the plaintiff's case.

Pa.R.C.P. No. 230.1(a).

concluded that Adams failed to meet her burden to produce evidence to show that SEPTA's movement of the bus on which she was injured was so extraordinary and unusual to support a claim under the "jerk and jolt" doctrine. Upon review, we affirm.

As a result of this incident, on April 1, 2016, Adams filed a complaint against SEPTA alleging injuries and requesting that judgment be entered in her favor. Complaint in Civil Action (Complaint) ¶¶ 6-9. At the trial on this matter, Adams presented the following facts to the jury. On July 14, 2014, Adams was a passenger on a bus owned and operated by SEPTA. Reproduced Record (R.R.) at 68a. Adams boarded and stood at the front of the bus behind the driver as she collected her money to pay her fare. R.R. 69a. As Adams stood there, she noticed other passengers boarding the bus, including an unidentified intoxicated passenger. *Id*. After the intoxicated passenger boarded, several other passengers boarded. R.R. 90a. All the seats on the bus were occupied. *Id*. While Adams and the intoxicated passenger were still standing, the bus proceeded to "jerk" which caused the intoxicated passenger to grab Adams's neck in an effort to stop falling. R.R. 70a-71a. Adams "went backward" but could not be sure whether she actually fell. R.R. 74a. Adams turned around to ascertain what happened and felt numbness down the right side of her body. R.R. 71a. Adams indicated that, other than the intoxicated passenger, no other passenger had been affected by the movement of the bus when it "jerked." R.R. 93a.

At the close of Adams's case, SEPTA moved for nonsuit, arguing that Adams failed to meet her burden under the "jerk and jolt" doctrine. R.R. 114a-120a. The trial court agreed and granted SEPTA's motion for nonsuit. R.R. 120a. Subsequently, Adams filed a motion for post-trial relief seeking reversal of the

2

nonsuit, which the trial court denied by order dated February 22, 2018. On March 2, 2018, Adams filed a timely appeal with this Court.

Before addressing the parties' arguments, initially, we note that a trial court may enter a compulsory nonsuit on any and all causes of action if, at the close of the plaintiff's case against the defendant on liability, the court finds that the plaintiff failed to establish a right to relief. Pa.R.C.P. No. 230.1(a)(1); *Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 595 (Pa. 2012). Absent such a finding, the trial court "shall" deny the request for nonsuit. *Scampone*, 57 A.3d at 595. On appeal, entry of a compulsory nonsuit is affirmed only if the jury, viewing the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action had been established. *Barnes v. Alcoa, Inc.*, 145 A.3d 730, 735 (Pa. Super. 2016). All the conflicts in the evidence must be resolved in the plaintiff's favor. *Id*. "In reviewing the evidence presented we must keep in mind that a jury may not be permitted to reach a verdict based on mere conjecture or speculation. We will reverse only if the trial court abused its discretion or made an error of law." *Id*. (citation omitted).

On appeal, Adams asserts that the trial court erred when it granted SEPTA's motion for nonsuit because the "jerk and jolt" doctrine does not apply. Adams's Brief at 5. The "jerk and jolt" doctrine applies when a plaintiff asserts an injury resulting from a sudden jerk or jolt or sudden stop. *Martin v. Se. Pa. Transp. Auth.*, 52 A.3d 385 (Pa. Cmwlth. 2012) (applied "jerk and jolt" doctrine where plaintiff alleged injuries when the bus "abruptly accelerated and unexpectedly stopped"); *Meussner v. Port Auth. of Allegheny Cty.*, 745 A.2d 719 (Pa. Cmwlth. 2000) (applied "jerk and jolt doctrine" where plaintiff alleged injuries resulting from

3

the bus jerking to a sudden stop). The plaintiff must establish not only that a jerk occurred, but that the jerk was so "unusual or extraordinary" as to exceed a passenger's reasonable anticipation. *Martin*, 52 A.3d at 387. The plaintiff can illustrate that the jerk was beyond a passenger's reasonable anticipation by offering evidence to show (1) that the jerk had an "extraordinarily" disturbing effect upon other passengers, or (2) that the circumstances of an accident, or the effect upon the plaintiff, inherently establishes the "unusual character" of the jolt. *Meussner*, 745 A.2d at 721.

In her complaint, Adams alleged that SEPTA, through its agent, servant, workman and/or employee, "negligently and carelessly operated and controlled" the bus causing it to "suddenly and without warning, accelerated [sic] causing a visibly intoxicated passenger behind the plaintiff to be propelled forward, striking the plaintiff who was in a standing position, paying her fare." Complaint ¶ 4. Adams testified that the bus jerked, R.R. 91a, which caused the intoxicated passenger to lose her balance and grab Adams, resulting in injuries to her. Because Adams indicated that the jerk of the bus is the action that led to her injuries, the doctrine applies. *Martin*, 52 A.3d at 386. The doctrine requires "nothing short of evidence that the allegedly unusual movement had an extraordinary disturbing effect upon the other passengers, or evidence of an accident . . . ." *Jackson v. Port Auth. of Allegheny Cty.,* 17 A.3d 966, 967-68 (Pa. Cmwlth. 2011) (citation and emphasis in original omitted). Therefore, the plaintiff must demonstrate that the fall was "so violent and unusual as to permit the jury to predicate on it alone a finding that the jerk was extraordinary and unusual." *Jackson*, 17 A.3d at 970. Such a demonstration requires more than losing one's balance while standing or walking on a bus. *Id*.

4

Here, Adams produced no evidence to support a finding that the jerk had an "extraordinarily" disturbing effect upon the other passengers. Adams testified that the *only* passenger affected from the jerking on the bus was the standing intoxicated passenger. R.R. 93a. This Court has recognized that it is not "unusual for persons to lose their balance while standing or walking in a [bus] if an ordinary or moderate jerk occurs" and that "it is common knowledge that one's balance or equilibrium is more easily lost when walking in a moving [bus] than when seated." *Meussner*, 745 A.2d at 723. This is true for passengers in the normal course of travel, let alone when a passenger is intoxicated as was the case here.

Adams produced no evidence to show that any passenger other than the intoxicated passenger likewise had difficulty controlling his or her movements when the bus jerked. Further, Adams produced no evidence to support a finding that the manner of the movement of the jerk of the bus was unusual. To the contrary, Adams testified that the "jerk" was a normal movement of the bus and that it is something that happens all the time. R.R. 92a. As the movement of the bus was not unusual and affected only the standing intoxicated passenger, even when viewing the evidence in a light most favorable to Adams, Adams could not establish liability under the "jerk or jolt" doctrine.

Nevertheless, Adams argues that as a common carrier, SEPTA owes the highest duty of care to its passengers. Adams's Brief at 11. Adams further argues that SEPTA "owes an intoxicated passenger a higher degree of care than ordinarily required," akin to the duty a common carrier owes passengers with known mental or physical disabilities. *Id*. at 9 & 12. Accordingly, Adams asserts that the "bus driver should not have set the bus in motion before the intoxicated passenger was in a safe position." *Id*. at 8. SEPTA counters that all "jerk and jolt" cases

5

involve "common carrier[s] who [sic] owe the highest duty of care to its passengers," so no support exists for Adams's assertion that this duty of care abrogates Adams's burden of proof under the "jerk and jolt" doctrine. SEPTA's Brief at 5. Moreover, SEPTA argues no authority exists to support Adams's contention that visible intoxication is treated in the same manner as a disability for the purposes of the "jerk and jolt" doctrine. *Id*. at 6.

It is a well-established principle of Pennsylvania law that a common carrier, including SEPTA, must exercise the highest degree of care in carrying passengers to their destination and enabling them to alight safely. *LeGrand v. Lincoln Lines, Inc*., 384 A.2d 955, 956 (Pa. Super. 1978); *Mangini v. Se. Pa. Transp. Auth*., 344 A.2d 621, 623 (Pa. Super. 1975). Pennsylvania's courts have imposed a heightened duty of care on carriers regarding passengers with "known" mental or physical disabilities who have been injured during transport. *See LeGrand*, 384 A.2d at 956 (a carrier has a duty of care to ensure that a passenger with "known" physical or mental disability that increases his or her hazards of travel must exercise a greater degree of care *for that passenger* than is ordinarily required) (emphasis added). Likewise, our Supreme Court has imposed on common carriers a heightened duty to ensure that, when a common carrier exercises its right to eject a severely intoxicated passenger, it does not do so in a reckless manner that exposes the intoxicated passenger to danger against which, because of his condition, the intoxicated passenger would be able to "guard" himself. *Warren v. Pittsburgh & B. St. Ry. Co.*, 89 A. 828 (Pa. 1914). In these cases relied on by Adams, our courts imposed on the common carrier a duty of care regarding *the passenger with the known disability or severe intoxication* – not to the bystander passenger.

6

Adams was neither a passenger with a "known" physical or mental disability nor a severely intoxicated passenger that SEPTA ejected from a SEPTA vehicle to which SEPTA owed a "heightened" duty of care. Instead, Adams was a bystander passenger injured when an intoxicated passenger lost her balance and grabbed Adams when the bus operated normally.

Adams next argues that SEPTA has a duty to protect its passengers from the violent, criminal and negligent acts of fellow passengers. Adams's Brief at 5-6. In support, Adams relies on a series of cases[2] in which Pennsylvania's courts have indicated that common carriers, vehicle operators, have a duty to repress disorderly conduct to protect passengers from the harm that fellow passengers imposed. Adams's Brief at 12-14. SEPTA counters that Adams cannot maintain this cause of action against it because SEPTA, as a government agency, is entitled to sovereign immunity. SEPTA asserts that the negligent acts of a third party do not fall into an exception from immunity.

We agree that SEPTA is a Commonwealth party entitled to raise the defense of sovereign immunity to bar claims for damages brought against it in cases where immunity is not expressly waived by the General Assembly. 42 Pa. C.S. § § 8521 & 8522; *Knox v. SEPTA*, 81 A.3d 1016, 1022 (Pa. Cmwlth. 2013). Before the necessity to consider the defense of sovereign immunity arises, a plaintiff must initially assert against the Commonwealth party a claim involving a *negligent act wherein damages would be recoverable under common law*. 42 Pa. C.S. § 8522(a);[3]

_____

[2]*La Sota v. Phila. Trans. Co.*, 219 A.2d 296 (Pa. 1966); *Muhlhause v. Monongahela St. Ry. Co.*, 50 A.2d 937 (Pa. 1902); *Pittsburg[h] and Connellsville R.R. Co. v. Pillow*, 76 Pa. 510 (1874); *Mangini v. Se. Pa. Transp. Auth.*, 344 A.2d 621 (1975); *Gerlach v. Pittsburgh Railways Co.*, 94 Pa. Super. 121 (Pa. Super. 1928); & *Kennedy v. Pa. R.R. Co.*, 32 Pa. Super. 623 (1906).

[3] Section 8522(a) of the Judicial Code provides that:

*Evans v. Se. Pa. Transp. Auth.*, 613 A.2d 137, 138 (Pa. Cmwlth. 1992) ("A plaintiff seeking to impose liability on a Commonwealth party, such as SEPTA, must establish that a common-law or statutory cause of action exists as a result of a negligent act of the Commonwealth party and that the Commonwealth party's negligent act falls within an exception to sovereign immunity.") Adams's complaint fails to assert a claim that SEPTA was liable for failing to protect against the acts of a third party. Further, Adams's complaint never asserts that the intoxicated individual acted negligently, violently or criminally.[4] As such, Adams waived her

---

[t]he General Assembly . . . does hereby waive in the instances set forth in subsection (b) only . . . sovereign immunity as a bar to an action against Commonwealth parties, *for damages arising out of* a *negligent act where the damages would be recoverable under the common law* or statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa. C.S. § 8522(a) (emphasis added).

[4] Paragraph 5 of Adams's complaint provides:

The negligence and carelessness of [SEPTA], by its agents, servants, workmen and/or employees consisted of the following:

   (a) operating said vehicle at an excessive speed under the circumstances;
   (b) failing to have said vehicle under proper and adequate control at the time;
   (c) failing to give proper and sufficient warning of the starting of said vehicle;
   (d) failing to safely excellerate [sic] from a designated bus stops [sic];
   (e) disregarding the safety and welfare of a visibly intoxicated passenger, and
   (f) disregarding the safety and welfare of the passengers on the said bus;
   (g) failing to protect the plaintiff from serious bodily injury, by suddenly accelerating while a visibly intoximated [sic] passenger was standing behind the plaintiff;

8

argument regarding SEPTA's duty to protect passengers from violent, criminal and negligent actions of fellow passengers.[5]

Based on the claims and evidence presented, Adams cannot establish a negligence claim against SEPTA to recover damages for her injuries. For this reason, the trial court properly granted the nonsuit.

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

(h) violating the ordinances of the City and County of Philadelphia and the statutes of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles.

[5] *See* Pa.R.C.P. No. 1019(a) (stating that the pleading shall contain the material facts on which a cause of action is based).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joy Adams,                                          :
                    Appellant                       :
                                                    :
            v.                                       :
                                                    :   No. 269 C.D. 2018
SEPTA                                               :

O R D E R

AND NOW, this 6th day of December, 2018, the February 22, 2018 order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge